Filed 4/15/21  Yeager v. Holt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VICTORIA YEAGER, | C089170 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2015-00177460-CU-BC-GDS) |
| v. | |
| PETER HOLT et al., | |
| Defendants and Respondents. | |

This is the second appeal in this legal malpractice action brought by Charles E. and Victoria Yeager (collectively Yeagers) against their former attorney Peter Holt, the Holt Law Firm, and Bethany Holt (collectively Holt).  In the first appeal, we affirmed the trial court's order denying Holt's special motion to strike (also known as an anti-SLAPP--strategic lawsuit against public participation--motion (Code Civ. Proc., § 425.16)).[1]

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

(*Yeager v. Holt* (2018) 23 Cal.App.5th 450, 452 (*Yeager*).)[2]  In this appeal, the Yeagers challenge the trial court's order declaring them to be vexatious litigants.  The Yeagers argue that the judgment of dismissal, entered after they failed to furnish the court-ordered security pursuant to the vexatious litigant statute, must be reversed because the trial court's vexatious litigant finding is not supported by substantial evidence.  We agree and reverse.

## BACKGROUND

The Yeagers are represented on appeal but were self-represented in the trial court.

In 2009 Peter Holt and his law firm represented the Yeagers for approximately six weeks.  Thereafter, he successfully sued Victoria Yeager, obtaining a monetary judgment for his unpaid fees in 2011 (some $11,000).  The Yeagers opposed his efforts to enforce the judgment, including the filing of the complaint in this case in January 2013, and threatening to sue Holt "anew" if he prevailed.  (*Yeager, supra,* 23 Cal.App.5th at pp. 452-454.)

In July 2013 a first amended complaint was filed, alleging professional negligence and other claims.  It generally alleged that both Peter and Bethany Holt worked together at the Holt Law Firm in some capacity and that all three defendants were responsible for all the actions and damages alleged.  (See *Yeager, supra,* 23 Cal.App.5th at p. 453.)

In March 2015 venue was transferred to Sacramento County.[3]  Shortly thereafter, Holt filed a special motion to strike the first amended complaint.  The trial court denied

---

[2]  As we noted in our prior opinion, Charles E. Yeager is popularly known as General Chuck Yeager, the decorated World War II combat ace and Cold War test pilot.  In more recent years he has become enmeshed in many lawsuits, a number of which have reached this court.  (*Yeager*, *supra*, 23 Cal.App.5th at p. 453, fn. 2.)

[3]  Holt's motion for change of venue was granted in September 2013.  However, the matter was not transferred to Sacramento County until March 2015.  According to Holt,

2

the motion in June 2015, and Holt timely appealed. (See *Yeager, supra,* 23 Cal.App.5th at pp. 452, 455-456.) During the pendency of that appeal, the Yeagers voluntarily dismissed Bethany Holt from this action with prejudice. In May 2018 we affirmed the trial court's order denying the special motion to strike, finding that this suit does not chill protected expressive conduct or free speech on an issue of public interest. (*Yeager, supra,* 23 Cal.App.5th at pp. 452, 456-460.)

In July 2018 Holt and his law firm (hereafter, collectively Holt) filed a motion to declare the Yeagers to be vexatious litigants under section 391, subdivision (b)(1). Holt argued that such relief was warranted because the Yeagers had maintained in propria persona more than five unmeritorious litigations in the preceding seven years and had no reasonable probability of success in this suit. The Yeagers opposed the motion.

In September 2018 the trial court granted Holt's motion, finding that the Yeagers had maintained in propria persona eight unmeritorious litigations within the meaning of section 391, subdivision (b)(1). The court also found that the Yeagers had failed to show a reasonable probability of prevailing on any of the claims alleged in this suit. The court ordered the Yeagers to post security in the amount of $75,000 to avoid dismissal. The Yeagers did not post the required security. As a consequence, the trial court dismissed this action in December 2018.

The Yeagers timely appealed.[4]

---

the delay was the result of the Yeagers's failure to pay the change of venue fees (§ 399, subd. (a)) ordered by the trial court.

[4] Prior to the completion of appellate briefing, we granted the Yeagers's request to take judicial notice of an unpublished opinion issued by a panel of this court, *Yeager v. Rolin* (Aug. 29, 2019, C083234 & C083830) (nonpub. opn.). We deferred ruling on Holt's request to take judicial notice of various court filings in a federal district court case, *Yeager v. Bowlin* (E.D.Cal. Aug. 5, 2008) Case No. 2:08-00102-WBS-CDK. Because the federal district court case is not relevant to our disposition of this appeal, we deny Holt's request. (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.)

## DISCUSSION

The Yeagers contend that the judgment of dismissal must be reversed because the trial court's order declaring them to be vexatious litigants is not supported by substantial evidence. According to the Yeagers, four of the eight cases relied on by the trial court do not qualify as unmeritorious litigations within the meaning of section 391, subdivision (b)(1). We agree.

A. *Applicable Law and Standard of Review*

The purpose of the vexatious litigant statutory scheme is to curb the misuse of the court system by the persistent and obsessive litigant who repeatedly files groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and not only places an unreasonable burden on the courts but also prejudices other parties waiting their turn before the courts. (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169; *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406 (*Lacey*); *In re Kinney* (2011) 201 Cal.App.4th 951, 957-958).) The statutory scheme "provides a 'means of moderating a vexatious litigant's tendency to engage in meritless litigation.' " (*Lacey*, at p. 406.)

Section 391 sets forth various circumstances defining a vexatious litigant. As relevant here, section 391, subdivision (b)(1) defines a vexatious litigant as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

Section 391 broadly defines " 'litigation' " as meaning "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) "A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a

4

plaintiff." (*Lacey, supra,* 231 Cal.App.4th at p. 406.) "A particular litigation is finally determined when avenues for direct review (appeal) have been exhausted or the time for appeal has expired." (*Id*. at p. 407, fn. 5.)

"The [vexatious litigant] statutory scheme provides two sets of remedies. First, in pending litigation, 'the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant.' [Citations.] If the court finds in the defendant's favor on these points, it orders the plaintiff to furnish security in an amount fixed by the court. [Citation.] Failure to provide the security is grounds for dismissal." (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345.) The second remedy " 'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge." (*Ibid*.)

"The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence. Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citations.] Of course, we can only imply such findings when there is evidence to support them. When there is insufficient evidence in support of the designation, reversal is required." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

B. *Analysis*

1. *The Eight Cases Deemed Qualifying by the Trial Court*

Holt argued in the trial court that the Yeagers were vexatious litigants because they had litigated in propria persona 14 unmeritorious cases within the meaning of

section 391, subdivision (b)(1).  In granting Holt's motion, the trial court found that the following eight cases qualified for vexatious litigant purposes:

"1.    The present action as against defendant Bethany Holt, whom plaintiffs voluntarily dismissed with prejudice on 8/31/2016 (see, e.g., *Tokerud v. Capital Bank Sacramento* (1995) 38 Cal.App.4th 775, 779).

"2.    *Yeager v. Virgin America* (San Francisco Superior Court Case No. CGC 09-495611), which was ultimately dismissed with prejudice in August 2012 when plaintiffs were representing themselves.

"3.    *Yeager v. Virgin America* ([First Appellate District] Case No. A136601), which was an appeal filed by plaintiffs *in pro per* of the dismissal of the above-cited action and which appeal was ultimately dismissed with prejudice on 2/28/2014 by the First [Appellate] District.

"4.    *Yeager v. Aviat Aircraft* (Ninth Circuit Case No. 11-1910), which was a 2011 appeal by plaintiff *in pro per* of summary judgment granted by the district court and in which summary judgment was ultimately affirmed on 1/27/2014.

"5.    *Yeager v. Superior Court of Fresno County* ([Fifth Appellate District] Case No. F069172), which was a petition for writ of mandate filed by plaintiffs *in pro per* on 4/8/2014 and which was denied shortly thereafter.

"6.    *Yeager v. Superior Court of Fresno County* ([Fifth Appellate District] Case No. F069141), which was a petition for writ of mandate filed by plaintiffs *in pro per* on 4/2/2014 and which was denied shortly thereafter.

"7.    *Yeager v. Superior Court of Fresno County* ([Fifth Appellate District] Case No. F069116), which was a petition for writ of mandate filed by plaintiffs *in pro per* on 3/28/2014 and which was denied shortly thereafter.

"8.    *Yeager v. Holt* (Superior Court of Nevada County, Appellate Division, Case No. L76533A), which was an appeal by plaintiff Victoria Yeager while *in pro per* and which appeal was ultimately denied in 2012."  (Emphasis omitted.)

6

The trial court expressly declined to consider the six other cases identified by Holt, reasoning that section 391, subdivision (b)(1) only requires a finding of five unmeritorious litigations in the preceding seven-year period. In finding that both Charles and Victoria Yeager qualified as vexatious litigants, the trial court acknowledged that some of the cases it relied on "may have been brought in the name of Charles Yeager only." The court, however, found it proper to declare Victoria a vexatious litigant as well because Charles "was primarily or entirely dependent on [her] to pursue these actions on his behalf." In other words, the court determined that Victoria was a vexatious litigant based on the finding that she essentially controlled the cases brought on behalf of Charles.

### 2. *Summary Denials of Appellate Writ Petitions*

Three of the cases relied on by the trial court in declaring the Yeagers to be vexatious litigants involved appellate writ petitions. Each petition was filed in propria persona in the Court of Appeal, Fifth Appellate District and titled: *Yeager v. Superior Court,* 2014 Cal. Lexis 4026 (Cal. 5th Dist., Mar. 28, 2014) (case No. F069116); *Yeager v. Superior Court* (Super. Ct. Fresno County, 2014, No. 09CECG00045) (case No. F069141); and *Yeager v. Superior Court* (Super. Ct. Fresno County, 2014, No. 09CECG00045) (case No. F069172). While unsuccessful appellate writs *may* qualify as "litigations" for vexatious litigant purposes (*In re Kinney*, *supra*, 201 Cal.App.4th at p. 958; see also *Lacey, supra,* 231 Cal.App.4th at p. 406), we conclude the record does not support the conclusion that the writ petitions in this case qualify as unmeritorious litigations within the meaning of section 391, subdivision (b)(1).

In case No. F069116, the Fifth Appellate District denied the writ petition in an order that stated only, "The petition for writ of mandate and request for stay filed March 28, 2014, is denied." The record does not support the conclusion that this summary denial qualifies as an unmeritorious litigation. "[T]he summary denial of a writ petition does not necessarily constitute a litigation that has been 'finally determined

7

adversely to the person' within the meaning of section 391, subdivision (b)(1)." (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172.) The *Fink* court reached this conclusion based on guidance by the California Supreme Court in *Leone v. Medical Board* (2000) 22 Cal.4th 660. In *Leone*, our Supreme Court explained: "When the court denies a writ petition without issuing an alternative writ, *it does not take jurisdiction over the case*; it does not give the legal issue full plenary review." [Citation.]' [Citation.] A summary denial of such a writ petition therefore cannot constitute a *final* determination of litigation within the meaning of section 391, subdivision (b)(1)." (*Fink*, at p. 1172.)

Likewise, the record does not support the conclusion that the writ petitions filed in case Nos. F069141 and F069172 qualify as unmeritorious litigations within the meaning of section 391, subdivision (b)(1). The Fifth Appellate District summarily denied the writ petitions in these cases without having issued an alternative writ.

We reject Holt's contention that the writ petitions qualify for vexatious litigant purposes because the petitions were the only means of obtaining appellate review of the challenged rulings. (See *Fink v. Shemtov, supra*, 180 Cal.App.4th at pp. 1172-1173 [summary denial of a writ petition qualifies as a litigation under the vexatious litigant statute when the writ petition is the " 'only authorized mode of appellate review' "].) This argument was not raised in Holt's moving papers in the trial court, although it was briefly referenced in his reply brief, and the trial court did not find that any of the writ petitions were the exclusive means to challenge the underlying rulings and that the summary denials constituted dispositions on the merits. Holt's argument fails because it was not properly presented to the trial court and is not supported by the requisite factual findings by the trial court.

As for case No. F069172, while it appears from the record that the writ petition challenged the denial of a motion to change venue, the writ petition is not in the record and the trial court never made such a finding. In Holt's reply brief in the trial court, Holt argued for the first time that the writ petition was properly considered for vexatious

8

litigant purposes because a challenge to an order denying a motion for change of venue "lies only by petition for writ of mandate." In support of his position, Holt cited *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, disapproved on another ground in *K.J. v. Los Angeles Unified Sch. Dist.* (2020) 8 Cal. 5th 875, 888, fn. 6. However, the *Calhoun* court also clarified that an order granting or denying a motion for change of venue, though reviewable by immediate writ petition, is also reviewable on appeal from the final judgment in the action. (*Calhoun*, at p. 42.)[5] In granting Holt's motion, the trial court did not find that the writ petition qualified for purposes of the vexatious litigant statute because it constituted the exclusive means for obtaining appellate review of the underlying ruling. Although unclear, the trial court may have disregarded as improper the argument Holt made for the first time in his reply brief. " 'Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the [responding party] of an opportunity to counter the argument.' " (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 693.)

As for case No. F069141, Holt's moving papers did not identify the specific ruling the writ petition challenged. In Holt's reply brief in the trial court, Holt vaguely asserted that "this case appears to count for vexatious litigant purposes" because the petition for writ of mandate and request for stay were denied and the "denial of a request for stay does not appear to be an appealable order." Holt did not provide the writ petition to the trial court and the record does not show that the summary denial of the petition qualifies

---

[5] On appeal, Holt primarily relies on *Calhoun* to argue that the summary denial of a writ petition challenging a change of venue ruling counts for vexatious litigant purposes. In doing so, however, Holt tacitly acknowledges that that a writ petition is not the *only* authorized means for obtaining appellate review of such a ruling; as Yeager argues, an adverse ruling on change of venue may be reviewed on appeal from the final judgment. Although Holt argues that a ruling on venue is not an appealable order in and of itself, he has not directed us to any authority holding that a writ petition is the exclusive means to challenge a ruling denying a motion to change venue.

for purposes of the vexatious litigant statute. The documents filed in support of Holt's motion do not make clear what ruling was being challenged by the writ petition. One of the documents suggests, contrary to Holt's position in the trial court, that the writ petition challenged the trial court's refusal to "hear the [Yeagers's] Motion for Summary Adjudication." The trial court never determined what ruling was being challenged by the writ petition, let alone that a writ petition was the exclusive means for obtaining review of the ruling.

As for case No. F069116, Holt's moving papers did not identify the specific ruling that the writ petition challenged, and Holt did not submit the writ petition to the trial court except as a purported attachment to a petition for review in the supreme court, but without any filed stamped cover sheet or case number. In Holt's reply brief in the trial court, Holt asserted for the first time that the Yeagers "sought a writ of mandate regarding the recusal of a judge." While an order denying a motion to disqualify a judge is not an appealable order and may only be reviewed by a petition for writ of mandate (§ 170.3, subd. (d); *People v. Freeman* (2010) 47 Cal.4th 993, 1000), the documents provided to the trial court suggest but do not show, as Holt claims, that the writ petition challenged the denial of a motion to recuse a judge. None of the documents relied on by Holt, including the documents suggesting that the writ petition challenged the denial of a motion to recuse a judge, bear file stamps or other indicia demonstrating that the documents were actually filed in any court. And the trial court made no finding that the writ petition challenged an order denying a motion to recuse a judge. As we have noted, the trial court may have disregarded as improper the argument Holt made for the first time in his reply brief.

In sum, we conclude that the record is insufficient to support the conclusion that the writ petitions qualify as unmeritorious litigations within the meaning of section 391, subdivision (b)(1).

### 3. *Appeal in Yeager v. Virgin America*

In declaring the Yeagers to be vexatious litigants, the trial court also relied on a direct appeal taken in the matter of *Yeager v. Virgin America, Inc.* (Feb. 28, 2014, A136601) (nonpub. opn.). The record discloses that the appeal filed by Charles in propria persona was dismissed based on his failure to file an opening brief. However, the record also discloses that the appeal was reinstated after a motion for relief was filed by attorney Michael W. Thomas on behalf of Charles. The First Appellate District construed the motion for relief as notification that attorney Thomas had substituted in place of Charles as counsel of record.

Upon reinstating the appeal, the First Appellate District noted that no further extensions of time would be granted to file the opening brief. Thereafter, attorney Thomas filed both an opening brief and a reply brief on behalf of Charles. The court then ordered supplemental briefing on its own motion. Because the supplemental briefing order indicates the issues that would determine the result were substantial, we quote the order at length:

"(1) In this case, Connie Bowlin served and filed a notice of lien as a judgment creditor pursuant to section 708.410 et seq. . . . Section 708.440, subdivision (a) provides in relevant part that 'no compromise, dismissal, settlement, or satisfaction of the pending action . . . or judgment procured therein may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court obtained under subdivision (b).' Subdivision (b) of section 708.440 provides in relevant part that a trial court may authorize a settlement and dismissal upon a noticed motion served upon the judgment creditor. Here, it does not appear that Bowlin, the judgment creditor, either provided written consent to the settlement or received notice of the motion to enforce the settlement. Under these circumstances, did the trial court have authority to approve the settlement and dismiss the action? Further, can the Court of Appeal affirm a judgment of dismissal when the trial court did not comply with section

11

708.440?  (2) Assuming arguendo that respondent were to obtain the judgment creditor's written consent to the settlement while the matter is pending on appeal, can the Court of Appeal consider that fact in ruling on the merits of the appeal?"

In response to this order, attorney Thomas filed supplemental briefing on behalf of Charles.  Thus, the evidence in the record does not support the trial court's finding that Charles was self-represented in pursuing the appeal in the matter of *Yeager v. Virgin America, Inc., supra,* A136601.  Holt's arguments to the contrary are unpersuasive.

### 4. *Conclusion*

We conclude the judgment of dismissal must be reversed.  On this record, no more than four of the eight cases relied on by the trial court qualify as unmeritorious litigations within the meaning of section 391, subdivision (b)(1).[6]  The statute, however, requires at least five qualifying litigations to support a vexatious litigant finding.  (*Ibid*.)

We reject Holt's contention that reversal is not warranted because the six cases the trial court *did not consider* qualify for purposes of the vexatious litigant statute.  Contrary to Holt's position, it is not proper for us to infer that the trial court made an implied finding that these cases qualify for vexatious litigant purposes.  The trial court expressly refused to make such a finding.  (*Reid v. Moskovitz* (1989) 208 Cal.App.3d 29, 32 [appellate court will not imply finding where record shows trial court expressly declined to make it].)  We decline to consider the cases in the first instance.  That determination is for the trial court to make upon a proper request.

---

[6] In view of our conclusion, we need not and do not consider whether any of the other cases relied on by the trial court qualify for vexatious litigant purposes.  Nor do we consider any of the other arguments raised by the parties, including the Yeagers's contention that the trial court erred by requiring them to post an "impermissibly high amount of security" to avoid dismissal.

## DISPOSITION

The judgment of dismissal is reversed.  The Yeagers shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

/s/

Duarte, Acting P. J.

We concur:

/s/

Hoch, J.

/s/

Krause, J.

13