Filed 11/12/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>B.A. LACEY et al.,<br><br>    Defendants and Respondents. | F066681<br><br>(Super. Ct. No. CV57059)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald Segerstrom, Judge.

Guillermo Garcia, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Misha D. Igra and Joanna B. Hood, Deputy Attorneys General, for Defendants and Respondents.

Appellant Guillermo Garcia, a California prison inmate, filed a pro se civil lawsuit against a prison warden and other correctional staff (including respondents B.A. Lacey, J. Kavanaugh, P. Quinn, H. Lackner, D. Foston, M. Baldwin, F. Chavez, D. Wattle, J. Tennison, and C. Koenig).[1] In response to the lawsuit, respondents filed a motion under the provisions of the vexatious litigant law (Code Civ. Proc., §§ 391–319.8)[2] seeking to have appellant declared a vexatious litigant, require him to post security and subject him to a prefiling order. The trial court granted all of the relief sought in respondents' motion and, when appellant failed to furnish security, the trial court dismissed appellant's action. Appellant now appeals from the judgment of dismissal. In his appeal, appellant asserts the trial court erred in determining that he was a vexatious litigant. We agree with appellant and, accordingly, reverse the judgment below.

## FACTS AND PROCEDURAL HISTORY

On October 31, 2011, appellant filed his civil complaint against respondents in Tuolumne County Superior Court case No. CV–57059. Appellant checked the boxes on the form pleading for general negligence and intentional tort, but no supporting facts were alleged. Nearly one month later, without leave of the court, appellant filed a document that purported to be the attachments to the complaint.[3] The allegations contained in the attachments included that respondents allegedly entered appellant's prison cell on several occasions and confiscated or damaged his personal property without cause (such as his typewriter, reading glasses, shoes and magazines), made false "write ups" against appellant to justify such actions, disclosed that appellant was

---

[1]     Respondents were employed by the California Department of Corrections and Rehabilitation.

[2]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[3]     The document was labeled "NOTICE OF LODGING OF ATTACHMENTS CAUSES OF ACTION …," which we refer to as the attachments.

2.

convicted of child molestation, and/or allowed, failed to prevent, concealed or condoned such harassing conduct, and/or otherwise had a conspiratorial role in the above incidents by failing to properly process appellant's grievances.

On June 28, 2012, respondents filed their motion to declare appellant a vexatious litigant and for other relief under the vexatious litigant law. In connection with the motion, respondents filed a request for judicial notice of court records, which allegedly reflected that appellant had brought and lost nine pro se civil litigations within the preceding seven-year period. In regard to their request that appellant be required to furnish security, respondents argued that no reasonable probability existed for appellant's causes of action to succeed on the merits because, among other things, there was a failure to adequately comply with the government claims statute (Gov. Code, § 900 et seq.) with respect to all but two of the named respondents and, furthermore, appellant's complaint was allegedly vague, conclusory and generally insufficient to state a cause of action.

On August 10, 2012, appellant filed opposition to respondents' motion, claiming, among other things, that respondents failed to demonstrate that he was a vexatious litigant because several of the prior cases alluded to by respondents did not qualify as "litigations" that were "finally determined adversely" against appellant for purposes of the vexatious litigant law. (§ 391, subd. (b)(1).) Appellant also objected to the request that security be furnished, arguing that respondents had failed to establish that his claims had no reasonable probability of success.

Following the hearing of the motion on August 16, 2012, the trial court issued its order granting respondents' motion. The trial court found that appellant was a vexatious litigant under section 391, subdivision (b)(1), because, according to the court's order, appellant brought five or more unsuccessful litigations in propria persona in the preceding seven years. The trial court further held that appellant lacked a reasonable probability of success on the merits of his lawsuit. Accordingly, appellant was ordered to

3.

post security (in the amount of $2,720) within a specified time period or face dismissal of his lawsuit.  The trial court also issued a prefiling order against appellant.

After an extension of time to post security was granted, appellant's deadline for doing so was December 31, 2012.  When appellant failed to post security on that date, respondents requested dismissal.  The trial court dismissed appellant's action on January 25, 2013.  Appellant's appeal followed.

## DISCUSSION

### I.    Vexatious Litigant Law

The vexatious litigant law was enacted to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them.  (§§ 391–391.8; *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 [the statute protects courts and litigants from such misuse by "persistent and obsessive" propria persona litigants]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220–221.)  The abuse of the system by such individuals "not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.  [Citations.]" (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008.)  The statute provides a "means of moderating a vexatious litigant's tendency to engage in meritless litigation." (*Bravo v. Ismaj*, *supra*, at p. 221.)

A court may declare a person to be a vexatious litigant who, in "the immediately preceding seven-year period[4] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person .…" (§ 391, subd. (b)(1).)  The term "'[l]itigation'" is defined broadly as "any civil action or proceeding, commenced, maintained or pending in

---

**4**      An action is counted as being within the "'immediately preceding seven-year period'" so long as it was filed or maintained during that period.  (*Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 220, 225.)  The seven-year period is measured as of the time the motion is filed.  (*Id*. at p. 224.)

any state or federal court." (§ 391, subd. (a).) A litigation includes an appeal or civil writ proceeding filed in an appellate court. (*McColm* v. *Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216; *In re R.H.* (2009) 170 Cal.App.4th 678, 691–692.) A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. (*Tokerud v. Capitalbank Sacramento* (1995) 38 Cal.App.4th 775, 779; *In re Whitaker* (1992) 6 Cal.App.4th 54, 56.)[5]

Regarding a motion to furnish security, section 391.1 provides as follows: "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security …." The motion shall be "based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." (*Ibid.*) Section 391.3 sets forth the basis for granting the motion: "[I]f, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."[6] If security is ordered by the court, and is not furnished by the plaintiff, "the litigation shall be dismissed as to the defendant for whose benefit [the security] was ordered furnished." (§ 391.4.)

---

[5] A particular litigation is finally determined when avenues for direct review (appeal) have been exhausted or the time for appeal has expired. (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 993–994; see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172 [summary denial of a writ not necessarily "'finally determined adversely to the person'" for purposes of § 391, subd. (b)(1)].)

[6] Additional wording recently added to sections 391.1 and 391.3 had no bearing on the present case. (See Stats. 2012, ch. 417, §§ 1 & 3.)

5.

As to prefiling orders, section 391.7, subdivision (a), states: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court."

## II. Standard of Review

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citation.]" (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 219; accord, *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.) Similarly, a court's decision that a vexatious litigant does not have a reasonable probability of success is based on an evaluative judgment in which the court is permitted to weigh evidence. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785–786.) A trial court's conclusion that a vexatious litigant must post security does not, as with a demurrer, terminate the action or preclude a trial on the merits. Rather, it merely requires the party to post security. Accordingly, if there is any substantial evidence to support a trial court's conclusion that a vexatious litigant had no reasonable probability of prevailing in the action, it will be upheld. (*Id.* at pp. 784–786; *Golin v. Allenby*, *supra*, at p. 636.)

To the extent we are called upon to determine the proper interpretation of a statutory provision, we do so independently under a de novo review. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.)

6.

**III.    Trial Court Erred in Determining Appellant is a Vexatious Litigant**

In the trial court below, respondents submitted court records identifying the following federal and state civil cases in which appellant proceeded in propria persona, and which allegedly qualified as litigations finally determined adversely to appellant in the seven-year period preceding the filing of respondent's motion:

1.    *Garcia v. Ahtae/J.P. Van Lines* (*Ahtai I*), United States District Court, Central District of California case No. 2:11–cv–07872; appellant's civil complaint in this case was lodged (not filed) with the United States District Court without the payment of a filing fee, and appellant concurrently applied to that court for permission to proceed in forma pauperis (IFP); that is, appellant requested permission to file his complaint without payment of a filing fee.  On November 14, 2011, the United States District Court denied appellant's IFP application.  The denial was premised upon the magistrate's recommendation for denial of the application after having screened the complaint as required by title 28 United States Code sections 1915(e)(2) and 1915A.  In screening the complaint, the magistrate found that the complaint failed to state a claim upon which relief may be granted.  The magistrate's findings concluded: "[T]he Complaint is subject to dismissal, and denial of [appellant's IFP] application is warranted.  However, if [appellant] is able to cure the deficiencies discussed above, he may resubmit the Complaint along with another [IFP] application for the Court's consideration."

2.    *Garcia v. Defrance*, United States District Court, Eastern District of California case No. 1:05–cv–01175; on July 23, 2009, the United States District Court granted a motion to dismiss the entire action filed by appellant on the ground of failure to exhaust administrative remedies.  Following the dismissal order, a judgment of dismissal was entered against appellant.

3.    *Garcia v. Baca et.al.* (*Baca I*), Ninth Circuit Court of Appeals case No. 09–5518; this appeal was dismissed by the court on July 6, 2009, for failure to respond to its order to pay filing fees and failure to perfect the appeal in accordance with federal procedural rules.

4.    *Garcia v. Ahtae/J.P. Van Lines* (*Ahtae II*), Los Angeles County Superior Court case No. BC383151; on May 30, 2008, this case was dismissed by the court without prejudice for failure to prosecute.  Appellant filed a notice of appeal but, according to the Court of

7.

Appeal docket,[7] the appeal was dismissed and a remittitur issued returning the matter to the trial court, where the case has remained closed.

5. *Garcia v. Baca et al.* (*Baca II*), United States District Court, Central District of California case No. 2:06–cv–06396; appellant's civil complaint was lodged with the United States District Court in connection with his IFP application in this case. On November 28, 2006, the court denied appellant's IFP application based on the magistrate's recommendation which was submitted after screening the complaint as required by federal law. The magistrate's findings after screening the allegations were that the complaint was legally or factual frivolous or failed to state a claim upon which relief could be granted.

6. *Garcia v. Los Angeles Police Department et al*. (*LAPD I*), United States District Court, Central District of California case No. 2:06–cv–06168; appellant lodged a civil complaint with the United States District Court together with his IFP application. On November 27, 2006, the court denied appellant's IFP application. The denial was based on the magistrate's recommendation, submitted after having screened the complaint and finding that the defendants, or several of them, were immune from liability and that appellant failed to state a claim for relief under title 42 United States Code section 1983.

7. *Garcia v. Los Angeles Police Department et al.* (*LAPD II*), United States District Court, Central District of California case No. 2:06–cv–04967; appellant lodged a complaint in the United States District Court in connection his IFP application. On September 14, 2006, the court denied the IFP application. The denial was based on the recommendation of the magistrate based on appellant's "failure to authorize disbursements from prison trust account" as required.

8. *Garcia v. Baca et al.* (*Baca III*), United States District Court, Central District of California case No. 2:06–cv–04316; appellant's civil complaint in this matter was lodged with the United States District Court in connection with his IFP application. On July 25, 2006, the court denied appellant's IFP application. The magistrate had recommended the court deny the application based on appellant's

---

**7** The docket was submitted by respondents pursuant to their request for judicial notice. We grant judicial notice of this official record of the Court of Appeal.

failure to "provide certified copy of trust fund statement for the last six (6) months" as required.

9. *Garcia v. Baca et al.* (*Baca IV*), Los Angeles County Superior Court case No. BC343866; on March 1, 2006, the trial court dismissed appellant's action due to appellant's failure to serve proof of service of summons.

In challenging the order declaring him to be a vexatious litigant, appellant argues that the five United States District Court cases denying his IFP applications did not constitute "litigation[s]" that were "finally determined adversely" to him. For the reasons more fully explained below, we agree with appellant that the five IFP application cases (i.e., *Ahtae I*, *Baca II*, *LAPD I*, *LAPD II* and *Baca III*) did not qualify as litigations under California's vexatious litigant law because the complaints in those cases were never filed and, therefore, the actions or proceedings contemplated in those complaints were never commenced.

The question pertinent to the present appeal is this: Does an unfiled lawsuit constitute "litigation" under the relevant statutory provision of California's vexatious litigant law? We answer that question in the negative based on the unequivocal language of section 391, subdivision (a). "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further." (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340.) Section 391, subdivision (a), defines "'[l]itigation'" as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." As is evident from the way the terms "commenced, maintained or pending" are normally used and understood in the relevant legal context, an action (or proceeding) must first be *commenced*, and only then can it be maintained or pending. "[T]he definition of 'litigation' encompasses lawsuits beyond the initial filing to include those that are maintained or pending." (*Forrest v. Department of*

9.

*Corporations* (2007) 150 Cal.App.4th 183, 196–197, fn. omitted, disapproved on other grounds in *Shalant v. Girardi*, *supra*, 51 Cal.4th at p. 1172, fn. 3; see § 1049 [an action is deemed "pending" from time of its commencement until final determination on appeal or the time for appeal is passed]; *Stolz v. Bank of America*, *supra*, 15 Cal.App.4th at p. 225 [an action or lawsuit is "'prosecuted'" or "'maintained'" after it is filed or commenced].) It follows that unless or until an action (or proceeding) has been commenced, it does not qualify as "litigation" for purposes of the vexatious litigation law.

In the trial courts, civil actions (such as lawsuits for damages or equitable relief) and special proceedings (such as writ petitions) are commenced when the plaintiff's complaint or petition is filed with the court.[8] (§§ 411.10 ["A civil action is commenced by filing a complaint with the court."], 350 [an action is commenced "when the complaint is filed"], 1109 [except as otherwise provided, rules governing civil actions apply to special proceedings], 363 [the word "'action'" as used in title of code on statute of limitations is construed whenever necessary to include a special proceeding]; see, e.g., *Allen v. Humboldt County Board of Supervisors* (1963) 220 Cal.App.2d 877, 884–885 [writ of mandate petition was subject to same rules regarding commencement of civil actions]; *Barnes v. Glide* (1897) 117 Cal. 1, 6 [a mandamus proceeding is subject to applicable statute of limitations].) The same rule of commencement applies with respect

---

[8]     One court has indicated that by defining "'[l]itigation'" as an "action or proceeding" (§ 391, subd. (a)), the Legislature sought to include in the scope of that term both classes of judicial remedies identified in sections 22 (actions) and 23 (special proceedings): "Long before it enacted the vexatious litigant statute, the Legislature drew a distinction between actions and special proceedings (§§ 21, 22, 23) .…" (*In re Bittaker*, *supra*, 55 Cal.App.4th at pp. 1009-1010; see *Shalant v. Girardi*, *supra*, 51 Cal.4th at p. 1175 [referring to new litigation impacted by a prefiling order as an "action (or special proceeding (see §§ 22, 23))"].) This does not mean that the term "proceeding" as used in section 391, subdivision (a), is limited to the enumerated "Special Proceedings of a Civil Nature" set forth in part 3 of the Code of Civil Procedure (§ 1063 et seq.), since the statutory language is broad enough to include other proceedings such as civil appeals filed in an appellate court. (*McColm v. Westwood Park Assn.*, *supra*, 62 Cal.App.4th at pp. 1216, 1219.)

to federal court actions. (Fed. Rules Civ. Proc., rule 3 [civil actions are commenced by filing a complaint with the court].)

In the present case, the record reflects that in the five United States District Court cases referred to above where appellant applied to the court for permission to proceed IFP (i.e., he sought to file his civil complaints without payment of filing fees), the IFP applications were denied and the complaints were never filed.[9] In those cases, although appellant *sought* or *attempted* to file the complaints, he was precluded from doing so. That was because of the process by which federal district courts screen out prisoner complaints in such cases. Generally speaking, when a prisoner submits a civil complaint with an application to proceed IFP in a federal district court, the complaint is merely lodged (not filed) with the court to allow a period of time for the complaint to be screened in order to ascertain whether it is frivolous or fails to state a viable claim. If the submitted complaint does not pass the screening process or the prisoner otherwise fails to meet IFP requirements, the complaint remains unfiled by virtue of the district court's denial of the IFP application. (*O'Neal v. Price* (9th Cir. 2008) 531 F.3d 1146, 1151; *Vaden v. Summerhill* (9th Cir. 2006) 449 F.3d 1047, 1050–1051; *Ford v. Johnson* (7th Cir. 2004) 362 F.3d 395, 398–400; see 28 U.S.C. § 1915(a)(1) [the "commencement" of the action without payment of filing fees is not permitted unless the IFP application is granted]; 28 U.S.C. § 1915A [describing the screening process of prisoners' civil complaints]; cf., 28 U.S.C. § 1915(e)(2) [the court shall dismiss the prisoner's case at any time if the court determines that it fails to state a claim or is frivolous] and 28 U.S.C. § 1915(g) [prisoners barred from making further applications to file a civil complaint IFP if on three or more prior occasions other proposed complaints were screened out].) In any event, that was what happened here regarding appellant's IFP applications.

---

[9] The docket in each case shows that the complaints were merely lodged with the district courts during the IFP screening process.

The bottom line is that in each of the five cases involving IFP applications in the federal district courts, no complaint was ever filed and, therefore, no action or proceeding was ever commenced.[10] It follows that those matters did not qualify as litigations within the meaning of section 391, subdivision (a).[11] Since this eliminates all but four of the nine purported prior litigations, we conclude that respondents failed to establish that "in the immediately preceding seven-year period" appellant "commenced, prosecuted, or maintained in propria persona at least five litigations … finally determined adversely" to him. (*Id.*, subd. (b)(1).) Therefore, the trial court reversibly erred when it determined that appellant was a vexatious litigant under that provision, and it also reversibly erred when it ordered further relief under the vexatious litigant law (i.e., the prefiling order and the requirement that appellant furnish security to avoid dismissal), since that relief was based on appellant being found a vexatious litigant. Since the judgment of dismissal was premised upon the above orders, it too must be reversed.[12]

In reaching this holding, we note that it is not our intent to make it more difficult for courts to prove a person to be a vexatious litigant. We have merely sought to faithfully apply the unambiguous terms of the statutory provision defining what

---

**10** We add that it would not be reasonable to construe the IFP application itself as a distinct "action or proceeding" within the purview of section 391, subdivision (a). In the framework of the vexatious litigant law, a particular *litigation* is distinguishable from the various applications, motions, pleadings or other procedural steps that may be filed or taken within the context of that litigation. (*Shalant v. Girardi*, *supra*, 51 Cal.4th at pp. 1173-1174; § 391, subds. (a), (b)(1) & (b)(3).) Clearly, each IFP application was merely incidental to, and an adjunct of, the proposed filing by appellant of a complaint—with that complaint constituting the prospective action or proceeding.

**11** Since we decide this appeal based on the fact that five of the purported litigations were not commenced (i.e., not filed) and, therefore, did not qualify as litigations, we need not address the further question of whether the denials of appellant's IFP applications in those instances amounted to litigation "finally determined adversely" to him. (§ 391, subd. (b)(1).)

**12** In light of our decision herein, we find it unnecessary to grant (and hence we deny) appellant's request for judicial notice filed in connection with his reply brief, which request had attached numerous documents relating to matters peripheral to our disposition herein.

constitutes litigation for purposes of making a vexatious litigant determination. If the Legislature wishes to include unfiled, screened out federal complaints such as were involved in the present appeal, it may readily do so by amending section 391, subdivision (a). As aptly emphasized by our Supreme Court in *Shalant v. Girardi*, *supra*, 51 Cal.4th at page 1176: "'We sympathize with the plight of already overburdened trial courts that are forced to contend with the abusive conduct of vexatious litigants. But in their efforts to deal with the problem of vexatious litigants, courts must observe the limits set by the applicable statutory scheme. If those limits are too confining, then it is the function of the Legislature, not the courts, to expand them.'"

## DISPOSITION

The trial court's orders entered under the vexatious litigant law and the judgment of dismissal are reversed. Costs on appeal are awarded to appellant.

_____
Kane, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Detjen, J.

13.