Filed 9/12/22  Barth v. Wiksell & Steinfeld CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SHAWN DAMON BARTH<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WIKSELL & STEINFELD, et al.,<br><br>    Defendants and Respondents. | 2d Crim. No. B316355<br>(Super. Ct. No. 56-2021-00556176-CU-MC-VTA)<br>(Ventura County) |

Shawn Damon Barth, an incarcerated litigant appearing in propria persona, appeals the trial court's orders declaring him a vexatious litigant (Code Civ. Proc., § 391-391.8) and dismissing his third complaint against his former attorneys, respondents Wiksell & Steinfeld (DBA Conflict Defense Associates), Willard P. Wiksell, Joel B. Steinfeld, and David L. McDuffie.  Appellant contends the orders were issued in violation of his due process rights and are not supported by substantial evidence.  We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2011, appellant was convicted of aggravated sexual assault of a child and was sentenced to 15 years to life in state prison. Appellant, who is currently incarcerated at Salinas Valley State Prison, was at times represented in the criminal proceedings by respondents as appointed conflict counsel.

In October 2018, appellant filed an in propria persona "complaint for possession of personal property and damages (claim and delivery)" against Steinfeld in Ventura County Superior Court seeking $25,000,000 in damages for the alleged failure to provide him with his client file after he was sentenced. (*Barth v. Steinfeld* (Super. Ct. Ventura County, 2018, No. 56-2018-00519263-CU-MC-VTA).)[1] In September 2019, the trial

---

[1] As an exhibit to his complaint, appellant attached a copy of a January 17, 2018 letter he sent to McDuffie stating that "given the years that have elapsed since the conclusion of your representation, I request that all papers and property [related to the case] be delivered to me within twenty-one (21) days of the date of this letter." Appellant added that if he did not receive the materials by February 7, 2018, he would "have no choice but to file a petition for writ of mandate to compel you to do so." Appellant also attached a February 22, 2018 letter he received from McDuffie stating among other things: "I thought we dealt with this previously. As I have indicated, and continue to indicate, I do not have any property of yours in my possession. To be honest with you, I do not know what property of yours I would have had in my possession. You were provided copies of all discovery during the pendency of your case. At the end of your case, I turned over to Conflict Defense Associates all discovery for them to hold. No 'property,' other that the aforementioned discovery that was handed to CDA. And as I mentioned, whatever I had I gave to them."

court dismissed the complaint without prejudice due to appellant's failure to file a proof of service.

In January 2020, appellant filed an in propria persona "complaint for possession of personal property and damages (claim and delivery)" against Steinfeld, McDuffie, and Does 1 through 5 seeking either the return of his client file or $25,000,000 in damages. (*Barth v. Steinfeld et al.* (Super. Ct. Ventura County, 2020, No. 56-2020-00538980-CU-MC-VTA).) In September 2020, the trial court sustained McDuffie's demurrer without leave to amend on the ground that appellant's claims were barred by the applicable three-year statute of limitations (Code Civ. Proc.,[2] § 338, subd. (c)).

In July 2021, appellant filed a third in propria persona complaint against respondents seeking monetary damages for the alleged failure to return his client file to him. (*Barth v. Wiksell & Steinfeld et al.* (Super. Ct. Ventura County, 2021, No. 56-2021-00556176-CU-MC-VTA).) Although appellant sought the same relief (i.e., the return of his file or monetary damages), his third complaint added causes of action including "destruction of property, evidence and case files," professional negligence, intentional infliction of emotional distress, and "obstruction of due process rights."

Respondents then moved to have appellant declared a vexatious litigant under section 391.1, and require him to post a $15,000 bond to maintain his lawsuit. Appellant filed an opposition to the motion and respondents filed a reply. Prior to the hearing, appellant filed and served a first amended complaint adding causes of action for legal malpractice, conversion, breach

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

3

of contract, destruction of personal property, vicarious liability, and a violation of his civil rights under 42 United States Code section 1983.[3]

Following a November 1, 2021 noticed hearing at which appellant apparently made no effort to appear, the court (1) declared appellant a vexatious litigant for repeatedly litigating the same action; (2) ordered him to post a $15,000 bond by November 29 in order to maintain his current action, upon which he had no likelihood of prevailing; and (3) prohibited him from filing any new litigation in propria persona without first obtaining leave from the presiding judge of the court where the action is to be filed. After appellant failed to post the required security, his complaint was dismissed.

## DISCUSSION

Appellant contends the trial court erred in declaring him a vexatious litigant. We conclude otherwise.

Section 391.7, subdivision (a), authorizes a court to enter, on its own motion or the motion of any party, "a prefiling order which prohibits a vexatious litigant from filing any new litigation" in propria persona without first obtaining permission from the presiding judge. Section 391, subdivision (b) defines a vexatious litigant as a person who meets any of four specified criteria. As relevant here, a vexatious litigant includes any person who, "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to

---

[3] In his reply to respondent's motion, appellant attached a May 22, 2020 letter from Steinfeld stating: "As we advised you in September, 2016[,] we do *not* have your file. It has been purged. Therefore copies cannot be provided. Mr. McDuffie provided you redacted copies during the course of his representation."

4

relitigate, in propria persona, . . . [a] cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." (§ 391, subd. (b).) The court shall order any party declared a vexatious litigant who fails to establish a reasonable probability of prevailing on their claim to post a security bond to maintain the action. (§ 391.3.) The court may also issue an order requiring vexatious litigant to obtain permission from the court prior to filing any new litigation in propria persona. (§ 391.7)

"'"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." [Citation.]'" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1346.) Moreover, "it is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The rules of appellate procedure apply to appellant even though he is representing himself on appeal. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.)

Appellant fails to meet his burden of showing that the court's ruling was an abuse of discretion. Although appellant claims the court violated his due process rights by failing to hold a hearing, the court plainly held such a hearing, appellant received notice thereof, and he offers nothing to demonstrate that

5

he was prevented from appearing at the hearing telephonically just as respondents' counsel did.

Moreover, the court did not err in declaring appellant a vexatious litigant. The current action is his third attempt to litigate his claim that respondents owe him monetary damages for their alleged failure to return his client file. For purposes of the vexatious litigant statute, the two prior actions were finally determined against appellant notwithstanding that the first action was dismissed without prejudice. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406-407.) Moreover, appellant fails to persuade us that his third complaint seeks anything other than what was sought in his first two complaints, i.e., either the return of his client file or monetary damages.

Appellant also failed to establish a probability of prevailing on the merits of his claims. In sustaining the demurrer to appellant's second complaint, the trial court correctly concluded that the action was barred by the three-year statute of limitations set forth in Code of Civil Procedure section 338, subdivision (c). In declaring appellant a vexatious litigant, the trial court found there was a "strong possibility that his claims are barred by the statute of limitations." Although appellant's first amended complaint in the instant matter added several causes of action, he waited over 10 years to seek relief. Suffice to state that the statutes of limitation that apply to appellant's claims are all less than 10 years. (See, e.g., § 340.6, subd. (a) [one-year statute of limitations applies to legal malpractice claim].) Accordingly, the current action is barred by the statute of limitations and res judicata. (*Atwell v. City of Rohnert Park* (2018) 27 Cal.App.5th 692, 698.)

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.[*]


We concur:



GILBERT, P.J.



YEGAN, J.

---

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7

Ronda McKaig, Judge
Superior Court County of Ventura

_____

Shawn Damon Barth, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Michael McCarthy, Kenny C. Brooks, for Defendants and Respondents.