Filed 12/26/23  Pomogaibo v. Berman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KATERYNA POMOGAIBO, | H050674 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 21CV382347) |
| v. | |
| EKATERINA BERMAN, | |
| Defendant and Respondent. | |

**MEMORANDUM OPINION[1]**

Appellant Kateryna Pomogaibo voluntarily dismissed her action against respondent Ekaterina Berman.[2]  Shortly thereafter, the trial court granted Berman's request to declare Pomogaibo a vexatious litigant and enter a prefiling order, which Berman filed before Pomogaibo dismissed the case.  On appeal, Pomogaibo contends the trial court erred in granting the request.  She claims the court issued the order after first taking the motion off calendar, and then reconsidering the issue based on Berman's oral motion, made during improper ex parte communications with the court.  She also alleges

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] Berman did not file a respondent's brief in this appeal.  We decide the appeal on the record and the opening brief, as the parties waived oral argument.  (Cal. Rules of Court, rule 8.220(a)(2).)

the court erred in adopting some but not all of the tentative rulings it issued prior to the subject hearing.[3]

We must affirm the judgment because Pomogaibo did not provide us with an adequate appellate record. " 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citation.]' [Citations.]" (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 407-408.) Pomogaibo has the burden to affirmatively show error based on the record presented to this court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*); *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 563.) Where an appellant fails to provide a sufficient record for review, we will affirm the judgment based on the presumption of correctness. (*Jameson*, at p. 609; *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

Pomogaibo elected to use a clerk's transcript to provide the record on appeal. Such a transcript only consists of the documents designated by an appellant for the trial court clerk to include in the record, and only of documents that were filed or lodged in the trial court at the time the court issued the order being appealed. (See Cal. Rules of Court, rule 8.122; *Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 723.) Here, Pomogaibo designated only her December 12, 2022 request for dismissal, the minute orders from hearings on December 13, 2022, and the trial court's December 14, 2022

---

[3] Pomogaibo did not seek a prefiling order from this court to file the appeal, as required by Code of Civil Procedure section 391.7, subdivision (c). However, because she timely appealed from the appealable order designating her as a vexatious litigant and subjecting her to a prefiling order requirement, we allow her appeal to proceed.

order designating her as a vexatious litigant.[4]  Pomogaibo elected to proceed without a record of oral proceedings from the December 13, 2022 hearings.[5]

Pomogaibo contends that the trial court erred in ruling on the vexatious litigant request after the parties failed to appear at the time scheduled for the hearing.  She claims that Berman made an untimely, oral request for reconsideration, which the trial court erred by granting, as she argues that the request constituted an improper ex parte communication.  The minute orders from December 13, 2022, do not explicitly reference Berman's request to declare Pomogaibo a vexatious litigant.[6]  One of the minute orders states that Berman appeared at 10:45 a.m., for a hearing scheduled to take place at 9 a.m.  The court informed her that the "motion was taken off calendar due to dismissal."  The minute order then states, "Court to research if there is still jurisdiction to rule on motion after case is dismissed."  The next day, the court issued its order designating Pomogaibo as a vexatious litigant.  That order does not reference the December 13 hearings, or indicate that the court engaged in any ex parte communications about Berman's vexatious litigant motion on that date.  The record designated by Pomogaibo does not support her contentions that the trial court committed a procedural error at the December 13 hearings, or in issuing the December 14 order.

---

[4] Pomogaibo also designated for inclusion in the record a motion for reconsideration filed after the order that is the subject of this appeal, and contemporaneous with the notice of appeal in this matter.  We cannot properly consider that motion in evaluating whether the trial court erred in issuing the December 14 order.  (See *Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1307.)

[5] Although there was not a court reporter present at the hearings, Pomogaibo could have provided an agreed statement under California Rules of Court, rule 8.134, or a settled statement under rule 8.137.  She elected not to do so.

[6] Berman's request is not part of the record on appeal, nor are any pleadings the trial court might have considered in ruling on the request.  The register of actions included in the record confirms that Berman did file a motion to declare Pomogaibo vexatious.

Nor is there anything in the record to support Pomogaibo's claim that the trial court issued tentative rulings before the hearing, or that the court erred by adopting some, but not all of the tentative rulings at the hearing. None of the documents properly designated by Pomogaibo reference tentative rulings issued by the court in advance of the December 14 order at issue in this appeal. Pomogaibo's unsupported contentions that the trial court engaged in ex parte communications or other procedural irregularities are insufficient for us to discern that the court erred in issuing the order designating Pomogaibo a vexatious litigant.

Notably, Pomogaibo agrees that the trial court had jurisdiction to rule on the request to designate her as a vexatious litigant even after she dismissed the action without prejudice. While the voluntary dismissal of an action generally deprives the court of jurisdiction to issue further orders in the matter, a motion to declare a self-represented plaintiff a vexatious litigant falls under one of several exceptions to the rule, as it deals with an ancillary issue, and the purpose of the vexatious litigant statute is fulfilled by allowing the trial court to retain jurisdiction to hear the motion after dismissal. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022, 1024.) Thus, the fact the court issued the subject order after Pomogaibo dismissed her action without prejudice does not itself reveal an error on the trial court's part. Pomogaibo has not otherwise demonstrated, based on the record before this court, that the trial court abused its discretion or otherwise committed reversible error in issuing the December 14, 2022 order designating her as a vexatious litigant. We presume the order is correct and will affirm it as such.

## DISPOSITION

The December 14, 2022 order is affirmed.

_____
    Greenwood, P. J.

WE CONCUR:

_____
    Grover, J.

_____
    Lie, J.

H050674 - Pomogaibo v. Berman