Filed 6/10/25  Tracy v. Brown CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARK CHRISTOPHER TRACY, | H052301 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 23CV423435) |
| v. | |
| PAUL BROWN, | |
| Defendant and Respondent. | |

Mark Christopher Tracy brought a defamation action against multiple defendants,[1] including Paul Brown.  Shortly thereafter, the trial court granted Brown's motion to declare Tracy a vexatious litigant and enter a prefiling order.  (Code Civ. Proc., §§ 391, subd. (b)(4), 391.7, subd. (a).)[2]  Tracy appeals.  Because substantial evidence supports the trial court's order, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tracy sued defendants for libel, libel per se, false light, and intentional infliction of emotional distress, alleging defendants published defamatory statements on a Utah public water district website and made additional defamatory statements to others.  He

---

[1] The defendants are:  Cohne Kinghorn P.C., Simplifi Company, Jeremy Rand Cook, Eric Hawkes, Jennifer Hawkes, Michael Scott Hughes, David Bradford, Kem Crosby Gardner, Walter J. Plumb III, David Bennion, R. Steve Creamer, Paul Brown, and Gary Bowen.  Brown is the only party to the current appeal.

[2] Unspecified statutory references are to the Code of Civil Procedure.

had previously brought suit against various defendants in Utah federal court based on allegations that a Utah-based law firm, acting on behalf of the Utah public water district and private land developers, fraudulently retired and misappropriated water rights for a private luxury development (FCA lawsuit). The FCA lawsuit was dismissed after multiple appeals. In the complaint underlying this appeal, Tracy alleged defendants shared the defamatory statements to obtain payment from California property owners in furtherance of their fraud and to prevent further appellate review of the FCA lawsuit. Tracy allegedly brought the defamation lawsuit "to restore his reputation and establish Defendants' legal liability for the fraudulent retirement of senior water rights [and] improper concealment of drinking-water contamination[.]"

Brown, specially appearing, moved to declare Tracy a vexatious litigant and requested the court enter a prefiling order.[3] He asserted Tracy brought six nearly identical lawsuits in Utah federal and state court and was declared a vexatious litigant under Utah state law. Brown also emphasized Tracy was found to be vexatious in an attorney fee order issued in the FCA lawsuit. Tracy opposed Brown's motion.

The trial court granted Brown's motion and request for a prefiling order. The court found Tracy was a vexatious litigant because he had previously been declared vexatious by Utah federal and state courts in lawsuits based upon substantially similar facts to those alleged in the defamation suit. Tracy had reiterated the allegations of fraudulent water rights from his previous lawsuits in his complaint, and the current defamation suit required the facts alleged in the previous lawsuits be tried for falsity. In making its determination, the court granted both parties' requests for judicial notice,

---

[3] All defendants filed successful motions to quash service of summons and the complaint for lack of personal jurisdiction. Tracy appealed. His appeals of the two orders granting motions to quash filed by Plumb and the personal representatives of R. Steve Creamer's probate estate were dismissed after his requests to permit an appeal as a vexatious litigant were denied (H052239, H053022). Tracy's appeal of the separate order granting the remaining defendants' motions to quash is pending (H052028).

noting it was taking judicial notice of the existence of court documents and findings but not of the truth of the matters asserted in the documents. Tracy timely appealed.[4]

## II. DISCUSSION

Tracy argues he was never found to be a vexatious litigant in any proceeding substantially similar to his current defamation suit. Brown argues Tracy was declared a vexatious litigant in prior water rights lawsuits based on identical or similar facts to his defamation suit. The parties also disagree as to whether the trial court properly granted Brown's request for judicial notice.

### A. *Evidentiary Objections*

Tracy argues the trial court erred by granting Brown's request for judicial notice. He asserts Brown did not properly request judicial notice by submitting the request when he filed his motion and argues the court failed to provide sufficient notice it would grant the request. Brown maintains Tracy forfeited his arguments regarding judicial notice by failing to raise the issue below. He also argues the court records attached to his request are properly subject to judicial notice and maintains he provided appropriate notice of the request as the moving party.

The record reflects Tracy did not raise the issue of judicial notice in the trial court. He did not oppose Brown's request for judicial notice or object to the admissibility of the evidence attached to Brown's request below. (See *J&A Mash & Barrel, LLC v. Superior Court* (2022) 74 Cal.App.5th 1, 25 [because a party did not oppose a request for judicial notice or object to the admissibility of a document, any evidentiary challenges to the document were forfeited on appeal].) Tracy has forfeited any claim the trial court improperly took judicial notice of documents attached to Brown's request.

---

[4] After the filing of the notice of appeal, this Court stayed the appeal due to Tracy's failure to seek permission from the presiding justice of this Court to file the appeal as required under section 391.7, subdivision (c). Tracy thereafter filed a request to file new litigation as a vexatious litigant, which was granted.

Even if we consider the merits of Tracy's argument, we discern no error. We review the trial court's evidentiary rulings for abuse of discretion. (*People v. Clark* (2016) 63 Cal.4th 522, 597, citing *People v. Avila* (2006) 38 Cal. 4th 491, 578.) Brown requested the court take judicial notice of Utah state and federal court records and attached the evidence to a supporting declaration. He then filed a supplemental request for judicial notice of the same court records attached to the declaration. (See Evid. Code, § 452, subd. (d)(2).) Brown filed the judicial notice request prior to Tracy's opposition to the motion, giving Tracy sufficient notice of the request prior to the trial court's ruling. (See Evid. Code, § 453, subd. (a).) The trial court properly limited judicial notice to the existence of the records and the fact that factual findings were made (but not to the substance of those findings). (See *Johnson & Johnson v. Superior Court* (2011) 192 Cal.App.4th 757, 768.) The trial court did not abuse its discretion by granting Brown's request.

B. *Vexatious Litigant*

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. [Citation.]" (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.) A person must come within the definitions of section 391 to be declared a vexatious litigant. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 969.) Section 391, subdivision (b)(4) defines a vexatious litigant as a person who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence" as the current action. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1199.) If a plaintiff is declared vexatious, the court may enter a prefiling order prohibiting the litigant from filing new litigation in the courts of California in propria persona without first obtaining leave of the

4

presiding justice or judge of the court where the litigation is to be filed. (§ 391.7, subd. (a).)

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citation.]' [Citations.]" (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 407-408.) Tracy has the burden to affirmatively show error based on the record presented to this Court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Tracy argues he is not a vexatious litigant because no court has properly declared him to be vexatious, and the falsity of defendants' allegedly defamatory statements was never at issue in his previous water rights lawsuits.[5] Brown contends Tracy was declared vexatious in Utah federal and state court and the current defamation lawsuit is based on identical or similar facts alleged in those prior two lawsuits, rendering him a vexatious litigant under California law.

The Third District Court in and of the State of Utah declared Tracy to be a vexatious litigant under Utah state law in a public records suit alleging several defendants' failure to disclose public water level data. In the lawsuit, Tracy claimed the defendants misappropriated water rights to support an oversized water system for a private development.[6] The United States District Court for the District of Utah found

---

[5] In a footnote, Tracy argues the vexatious litigant order is without basis because he has demonstrated a reasonable probability of prevailing on Brown's motion to quash. A court must assess a plaintiff's reasonable probability of prevailing in the litigation only if a defendant moves for an order requiring a plaintiff to furnish security. (§§ 391.1, subd. (a), 391.3, subd. (a).) Brown did not move for an order requiring Tracy to furnish security.

[6] Tracy briefly argues the order by the Third District Court in and of the State of Utah is void for lack of jurisdiction because it was issued by the trial court during appellate proceedings. Nothing in the record supports Tracy's contention.

Tracy to be vexatious when awarding attorney fees to the defendants in the FCA lawsuit alleging similar fraudulent water rights claims. Tracy alleged the defendants made false statements to obtain a clean water loan from the federal government and failed to comply with the conditions of the loan by building an oversized water system and misappropriating water rights to enrich themselves and private land developers.

Tracy's defamation claim is based upon substantially similar facts to these two actions. He chronicles defendants' alleged fraudulent water rights scheme in his current complaint, arguing they constructed an oversized water system and retired senior water rights to support a private luxury development, and alleges defendants made defamatory statements to suppress their ongoing fraud and hinder the appellate process of the FCA lawsuit. He states he brought the current action to prove defendants' liability for the fraudulent retirement of senior water rights. There is substantial evidence to support the trial court's finding that Tracy is a vexatious litigant because he was previously declared vexatious in proceedings based upon similar facts to the current action.

### III. DISPOSITION

The order declaring Tracy a vexatious litigant is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
 Grover, J.

_____
 Wilson, J.

H052301 Tracy v. Brown