Filed 6/27/25  Nesbit v. Green Hills Subway CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANDRE NESBIT, | B337980 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV11197) |
| v. | |
| GREEN HILLS SUBWAY, INC., | |
| Defendant and Respondent. | |

APPEAL from an order and a judgment of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge. Affirmed.

Andre Nesbit, in pro. per., for Plaintiff and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker, Diana M. Estrada and Brandon C. White for Defendant and Respondent.

_____

Plaintiff and appellant Andre Nesbit challenges the trial court's order declaring him a vexatious litigant (Code Civ. Proc., § 391, subd. (b)),[1] requiring him to post a monetary bond in order to avoid dismissal of his suit (§ 391.3), and prohibiting him from filing new litigation in propria persona without first obtaining leave of court (§ 391.7). The court found that, within the preceding seven years, Nesbit had unsuccessfully prosecuted six previous actions in propria persona, and that there was no reasonable probability that he would succeed in the instant case against defendant and respondent Green Hills Subway, Inc. (Subway).

Nesbit contends this was error, arguing that he has a reasonable probability of prevailing in his case against Subway, that Subway failed to show the prior cases were decided against him, and that the trial court applied the wrong standard in determining he was a vexatious litigant. We find no merit in Nesbit's claims, and we affirm.

## FACTS AND PROCEEDINGS BELOW

On May 18, 2023, Nesbit filed a complaint against Subway alleging negligence per se based on the violation of Civil Code section 51, subdivision (b), and Los Angeles Municipal Code section 51.03, laws that bar discrimination in commerce on the basis of race and other protected categories. Nesbit claimed that "[o]n [May 7, 2023] at 11:00 a.m. at Subway #47845-0, two female employees, one with black hair, one with red hair refused to serve [him]. They looked at [him], did not speak and walked off the

___

[1] Subsequent unspecified statutory references are to the Code of Civil Procedure.

line." Nesbit's complaint sought a total of $5 million in compensatory and punitive damages related to this event.

On October 27, 2023, Subway filed a motion requesting an order declaring Nesbit a vexatious litigant. Subway provided documentation of numerous lawsuits Nesbit pursued unsuccessfully while representing himself in federal and state courts in California and Illinois. Subway claimed that several of Nesbit's previous suits were frivolous, including two cases in which he sought to challenge a prior adverse decision by suing the judge who issued it, and that he often failed to fulfill his responsibilities as a litigant.

Subway also alleged that Nesbit had no reasonable chance of prevailing in the instant case, noting that Nesbit had not even claimed that he sought to place an order, let alone that Subway's employees refused to serve him for discriminatory reasons. Subway submitted declarations from three of its employees who stated they were working on the morning of May 7, 2023, and they had not knowingly refused service to anyone who approached the counter.

Nesbit opposed the motion, claiming that he did not meet the requirements to be declared a vexatious litigant and that his claims against Subway had merit. His opposition set forth cursory unsworn and unsupported assertions regarding these claims without any attached declarations, exhibits, or other documents.

The trial court granted the motion. The court found that Nesbit met the statutory definition of a vexatious litigant because he had prosecuted six cases in propria persona within the previous seven years that ended in adverse determinations. (See § 391, subd. (b)(1)(i).) On three occasions, a trial court in Illinois

3

had dismissed Nesbit's case for want of prosecution. In another case, the Illinois court dismissed Nesbit's case because he failed to file an amended complaint after being given leave to do so. In yet another case, the Illinois court dismissed Nesbit's case with prejudice after he voluntarily dismissed the case for a second time. In a final case Nesbit filed in superior court in California, the court sustained the defendant's demurrer without leave to amend.

The court also found that Nesbit had "no reasonable probability that [he] will prevail in the litigation." (§ 391.3, subd. (a).) Under the doctrine of negligence per se, a plaintiff must prove, among other elements, that the defendant " 'violated a statute, ordinance, or regulation of a public entity.' " (*Gravelin v. Satterfield* (2011) 200 Cal.App.4th 1209, 1218, quoting Evid. Code, § 669, subd. (a)(1).) The only statutes Nesbit cited in his complaint that could potentially serve as a predicate to his claim of negligence per se were the two anti-discrimination statutes. (Civ. Code, § 51; L.A. Mun. Code, § 51.03.) But the trial court found that Nesbit's complaint was devoid of any factual allegations of discrimination, and that he had produced no evidence to support his claims or contest the declarations of the Subway employees.

In light of its findings, the court ordered Nesbit to post a $100,000 bond, or the case would be dismissed. (§ 391.3.) The court also issued a prefiling order prohibiting Nesbit from filing any new litigation in California courts without first obtaining leave of the presiding justice or presiding judge of the relevant court. (See § 391.7.) Nesbit failed to post a security bond by the specified deadline, and the court dismissed the case and entered judgment in favor of Subway.

4

## DISCUSSION

### A.  Background on the Vexatious Litigant Statutes

"The vexatious litigant law was enacted to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them.  [Citations.]  The abuse of the system by such individuals 'not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.  [Citations.]'  [Citation.]" (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406.)

"Section 391, subdivision (b) provides four alternative definitions of a vexatious litigant."  (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1169.)  The trial court found that Nesbit met the first definition: a vexatious litigant is someone who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."  (§ 391, subd. (b)(1).)

Upon a motion by a defendant (§ 391.1), the trial court may hold a hearing to "consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion" (§ 391.2).  At the hearing, "the court performs an evaluative function" (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786) and "is permitted to weigh evidence." (*Garcia v. Lacey*, *supra*, 231 Cal.App.4th at p. 408.)  If "the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court

5

shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." (§ 391.3, subd. (a).) If the plaintiff fails to furnish security as ordered, "the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished." (§ 391.4.) In addition to requiring the plaintiff to furnish security, "the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a).)

A prefiling order under section 391.7 is appealable as an order granting an injunction. (*Blizzard Energy, Inc. v. Schaefers* (2022) 85 Cal.App.5th 802, 805; see § 904.1, subd. (a)(6).) A trial court's order under section 391.3 requiring a defendant to furnish security is not directly appealable, "[b]ut if the plaintiff . . . fails to furnish security, an appeal lies from the subsequent order or judgment of dismissal that follows under section 391.4."[2] (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635.) We review the trial court's findings that a plaintiff is a vexatious litigant and that he has no reasonable probability of success for substantial evidence. (*Garcia v. Lacey*, *supra*, 231 Cal.App.4th at p. 408.) "To the extent we are called upon to determine the proper interpretation of a statutory provision, we do so independently under a de novo review." (*Ibid.*)

---

[2] For this reason, we treat Nesbit's appeal as a challenge to the judgment rather than to the order requiring him to furnish security.

6

**B.  Substantial Evidence Supported the Trial Court's Findings**

Nesbit's arguments against the vexatious litigant order fail because he has not responded to the trial court's findings with reasoned argument and citations to the record, and because the arguments he does make raise points not relevant to the court's decision.

"[I]t is a fundamental principle of appellate procedure that a trial court [order or] judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  To meet this burden, " 'an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  " 'The appellate court is not required to search the record on its own seeking error.' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  An appellant "is not exempt from the foregoing rules because he is representing himself on appeal in propria persona." (*Ibid.*)

Nesbit has failed to meet these obligations almost entirely.  His appellate brief does not cite the record at all, and it contains only disconnected snippets of reasoned argument.  Nesbit contends the trial court erred by declaring him a vexatious litigant because Subway failed to show that any of the previous cases in which he represented himself was finally adversely determined against him, but he ignores the documentation Subway provided showing the outcome of those cases to the contrary.  For purposes of the vexatious litigant statutes, "[a]

7

litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff." (*Garcia v. Lacey, supra*, 231 Cal.App.4th at p. 406.) Substantial evidence supported the trial court's finding that six of the cases Subway submitted met this standard.

Nesbit also claims there was no evidence to support the trial court's finding that he had no reasonable probability of prevailing in the litigation, but he does not acknowledge or respond to the declarations Subway submitted from its employees who were working on the day of the incident stating that they had not refused to serve any customers. Nor has Nesbit ever expanded on the bare allegations in his complaint, in which he did not claim that Subway's employees discriminated against him. He did not submit any evidence of his own at the vexatious litigant hearing, and he did not respond to Subway's discovery requests asking him to explain or elaborate on his claims. On the basis of this record, the court appropriately found that Nesbit had no reasonable probability of prevailing.

Nesbit's remaining claims raise irrelevant points. He argues that the trial court erred in finding him a vexatious litigant because the court failed to "apply the prongs required in order to properly determine whether [he] is a vexatious litigant." But the "prongs" he describes are those federal courts use to determine whether a plaintiff is a vexatious litigant in the federal system (see *Cromer v. Kraft Foods North America, Inc.* (4th Cir. 2004) 390 F.3d 812, 818) and do not apply to the trial court's determination that he is a vexatious litigant under section 391. He contends that Subway's "argument that the . . . complaint [was] 'poorly drafted' is moot" because a motion to declare a

plaintiff a vexatious litigant may not be used to challenge a complaint. That is irrelevant, as Subway's motion was not based on the quality of the drafting in the complaint, nor was Subway seeking to challenge the complaint via demurrer or motion to strike. Finally, Nesbit contends he has "valid claims" because his complaint alleged all the elements of negligence per se. This appears to be in response to the trial court's finding that "the [c]omplaint fails to sufficiently state a cause of action." The court made that finding because Nesbit failed to allege that Subway violated a statute by discriminating against him, not because he failed to list the elements of negligence per se.

## DISPOSITION

The trial court's judgment is affirmed, as is its prefiling order under section 391.7. Subway is awarded its costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

9